SECOND DIVISION
February 23, 2010

No. 1-08-3277

| | | |
|---|---|---|
| JACK L. GENIUS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| THE COUNTY OF COOK, a Municipal Corporation; | ) | |
| THE BOARD OF COMMISSIONERS OF THE | ) | |
| COOK COUNTY FOREST PRESERVE DISTRICT, | ) | No. 05 CH 1085 |
| a Municipal Corporation; STEVEN M. BYLINA, | ) | |
| Superintendent of the Cook County Forest Preserve | ) | |
| District; COOK COUNTY CIVIL SERVICE | ) | |
| COMMISSION; COOK COUNTY EMPLOYEE | ) | |
| APPEALS BOARD; LAWRENCE HOFFMAN; GARY | ) | |
| WEINTRAUB; RITA REZKO; and RUBYE | ) | |
| PATTERSON, | ) | Honorable |
| | ) | Mary K. Rochford, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE THEIS delivered the opinion of the court:

Plaintiff, Jack L. Genius, appeals from the judgment of the circuit court confirming a decision by defendant, the Cook County Employee Appeals Board (the Employee Appeals Board or the Board), which terminated his employment as a police officer with the Forest Preserve District of Cook County (the District), and denied his request for backpay during the period of his suspension. On appeal, plaintiff contends that: (1) the Board erred in denying his motion to dismiss the District's written charges based on the doctrine of *laches*; (2) the Board's decision to

discharge him was against the manifest weight of the evidence; and (3) the Board erred in denying his request for backpay because the District's suspension without pay for more than 30 days and without written charges violated the Cook County civil service rules. For the following reasons, we find the Board lacked jurisdiction to render its decision and, therefore, reverse the judgment of the circuit court and vacate the decision of the Board.

BACKGROUND

Plaintiff was hired as a District police officer in 1988, after having completed the requisite civil service examination. He was later promoted to sergeant in 1992. Thereafter, in 1996, he was placed on paid administrative leave due to the pendency of an internal affairs investigation. Based upon that investigation, the District chief of police informed plaintiff that he would be recommending his discharge for his unauthorized purchases and sales of District police badges.

In June 1996, plaintiff was suspended without pay pending the resolution of felony criminal charges filed against him in Vermillion County for the unlawful selling of law enforcement badges. Although the record regarding those criminal proceedings was not before the Board, the parties do not dispute that the criminal proceeding resulted in a mistrial. Plaintiff then appealed, seeking a determination that a retrial should have been barred by prosecutorial misconduct. According to plaintiff, the appellate court declined to find that a retrial would be barred. Thereafter, in February 2001, the indictment against plaintiff was dismissed by the Vermillion County State's Attorney.

Three months later, on May 1, 2001, plaintiff sent a letter to the District demanding his reinstatement and backpay. On May 25, 2001, the District served plaintiff with a "notice of intent

to seek his discharge." Therein, the District alleged that plaintiff engaged in forgery, fraudulent behavior, and sexual misconduct unbecoming an officer in violation of certain rules and regulations of the District police department and the District ethics ordinance. At that time, the District advised him that the disciplinary proceedings would be governed by the Cook County Bureau of Human Resources Ordinance. Cook Co. Municipal Code §44-41 *et seq.* (amended April 5, 2000). Specifically, the District informed him that, pursuant to section 4A(13) of that ordinance, (Cook Co. Municipal Code §44-47(13) (amended April 5, 2000), plaintiff had a right to file a written response to the charges within 30 days and that the charges and response would be reviewed by a District panel.

In an attempt to avail himself of the Bureau of Human Resources Ordinance, plaintiff filed a written response to the charges. Additionally, on June 22, 2001, plaintiff filed a grievance with the Employee Appeals Board and petitioned for appeal and review of his five-year suspension without pay. On August 7, 2001, the Board refused to consider his petition after concluding that it lacked jurisdiction to hear his appeal and that the proper forum for resolution of his claims as a civil servant was the Cook County Civil Service Commission. However, the Civil Service Commission had been abolished by ordinance in April 2000. Cook County Ordinance No. 00-O-08, eff. April 5, 2000.

Thereafter, on August 29, 2001, a District hearing panel convened for a "predisciplinary hearing" pursuant to a directive from District Superintendent Joseph Nevius. At that hearing, counsel for plaintiff repeatedly requested that the panel identify the specific rules, regulations or ordinances authorizing it to conduct such a hearing and to identify the authority under which it

would be proceeding. The panel refused to respond to questions regarding its authority other than to indicate that its authority was "part of the Civil Service process" and that the forum was an informal hearing to determine whether or not "any other disciplinary action [was] appropriate." The panel read the charges and provided plaintiff with an opportunity to respond. Plaintiff denied the charges. Thereafter, on September 13, 2001, the panel recommended that discharge proceedings be initiated against plaintiff.

On September 26, 2001, the District purported to file the charges against plaintiff with the Cook County Civil Service Commission seeking plaintiff's discharge from employment based upon the District panel's recommendation. The referral of charges indicates that it was brought pursuant to the Cook County civil service rules. The record reflects that in August 2002, the Civil Service Commission held a status hearing and ruled upon various discovery issues and procedural matters in the case, including motions *in limine*. The report of proceedings additionally indicates that the Civil Service Commission presided over an evidentiary hearing with respect to the District's charges on several dates between October 2003 and August 2004.

However, on September 20, 2004, the Employee Appeals Board issued a written decision in the matter. In a footnote to its decision, the Board indicated as follows:

"The Civil Service Commission has been abolished by County ordinance. All matters pending before the Civil Service Commission were (by the same ordinance) transferred and assigned to this Board for decision."

The footnote contains no citation to the ordinance to which it refers, provides no citation to the authority under which the matter was transferred, and provides no date on which the matter was

1-08-3277

transferred to the Employee Appeals Board.

The Board then rendered its decision, denying plaintiff's motion to dismiss the charges as barred by the doctrine of *laches*, sustaining several of the District's charges, finding cause to discharge plaintiff, and rejecting plaintiff's request for an award of backpay for his suspension.

Subsequently, plaintiff filed a complaint in the circuit court seeking judicial review of the Board's decision. Following a hearing, the circuit court confirmed the decision of the Board to discharge plaintiff as a District police officer. The court held that plaintiff's claim of *laches* was not substantiated by the record; that although the suspension violated the Cook County civil service rules, the record supported the Board's conclusion that plaintiff failed to timely appeal from his unlawful suspension; and that the Board's findings on the charges were not against the manifest weight of the evidence. Plaintiff now appeals.

ANALYSIS

At the outset, although not initially raised by the parties[1], this court has a *sua sponte* duty to consider the jurisdiction of the Employee Appeals Board to render a decision in this case. Delgado v. Board of Election Commissioners, 224 Ill. 2d 481, 486 (2007) (courts have an independent duty to vacate void orders and may *sua sponte* declare an order void). The issue of the Board's authority is a question of law, which we review *de novo*. Alvarado v. Industrial Comm'n, 216 Ill. 2d 547, 553 (2005).

This matter, which was ultimately transferred to the Employee Appeals Board for a

_____

[1] We subsequently asked the District to supplement its brief to address the Board's jurisdiction.

- 5 -

decision, was originally initiated in September 2001, when the District filed written charges with the Civil Service Commission, seeking to discharge plaintiff as an employee of the District. The charges were purportedly brought pursuant to Rule IX, section 1, of the Cook County civil service rules. Cook Co. Civ. Service R. IX, §1. Under those rules, an officer in the classified service could not be discharged without, *inter alia*, written charges filed with the Civil Service Commission and an investigation or hearing on the charges before the Commission. Cook Co. Civ. Service R. IX, §1.

However, as a creature of statute, the Civil Service Commission possesses only those powers conferred upon it by law. Delgado, 224 Ill. 2d at 485. Any authority it exercises must find its source within the law pursuant to which it was created, and any action or decision taken by it in excess of or contrary to its authority is void. Delgado, 224 Ill. 2d at 485. At the time the charges were filed, the Civil Service Commission had been abolished by ordinance through the Board of Commissioners of Cook County pursuant to its home rule powers. Cook Co. Municipal Code §44-48(b) (eff. April 5, 2000). "A municipal ordinance has the force of law over the community in which it is adopted and, within the corporate limits, operates as effectively as a law passed by the legislature." City of Chicago v. Roman, 184 Ill. 2d 504, 511 (1998); accord 5 McQuillin, Municipal Corporations §15.14, at 92 (3d rev. ed. 1996). Under the ordinance, only those disciplinary matters that were pending before the Commission as of April 5, 2000, were to be continued for disposition pursuant to the rules of the Commission and were to be heard and decided by the Employee Appeals Board. Cook Co. Municipal Code §44-48(c), (eff. April 5,

1-08-3277

2000).[2]

The charges in this case were not brought before the Civil Service Commission until September 2001 and, therefore, were not "pending" before the Commission in April 2000. Furthermore, the ordinance abolishing the Civil Service Commission, which is codified in Article II of the Cook County Municipal Code, provides in pertinent part:

> "This article repeals, supplants and supersedes the rules,
>
> regulations, directives and policies of the Civil Service Commission
>
> of Cook County *** and, any policies, procedures or handbooks of
>
> any department or agency under the direction and control of the
>
> Office of the President to the extent they are inconsistent with the
>
> provisions of this article and the rules promulgated hereunder. This
>
> article and the rules adopted pursuant to this article shall be the sole
>
> source of authority governing County human resources

---

[2] Additionally, Cook County Ordinance No. 00-O-08 (effective April 5, 2000), provided:

> "Upon the effective date of this Amendatory Ordinance, disciplinary actions may be initiated pursuant to rules of the Civil Service Commission for a period of sixty days, only where such actions pertain to events or other infractions which took place prior to the effective date of these amendments. Thereafter, all disciplinary actions shall be initiated pursuant to rules and regulations promulgated in accordance with the Bureau of Human Resources Ordinance." Cook Co. Ordinance No. 00-O-08, §11(B)(3) (eff. April 5, 2000).

1-08-3277

management." Cook Co. Municipal Code §44-42 (eff. April 5,

2000).

Moreover, the ordinance further provides, in pertinent part:

"The provisions of this article and the Human Resources

Management System thereby created shall be construed as the law

regulating the civil services of the County for all purposes including

70 ILCS 810/17 (Cook County Forest Preserve District Act -

application of human resource ordinance)." Cook Co. Municipal

Code §44-44 (eff. April 5, 2000).

Thus, when the District filed its written charges in September 2001 with the Civil Service

Commission pursuant to the Cook County civil service rules, the Commission and its rules no

longer existed. The Commission had no authority to exercise any jurisdiction over the charges

filed by the District. Consequently, any rulings rendered by the Civil Service Commission with

respect to those charges were void. <u>Alvarado</u>, 216 Ill. 2d at 553-54.

The Employee Appeals Board contended in a footnote to its decision, without citation to

any authority, that its jurisdiction was invoked by a "transfer" from the abolished Commission.

However, the Employee Appeals Board's subject matter jurisdiction was never properly invoked

to render a decision in this matter. The Employee Appeals Board is also a creature of statute, and

any authority it possesses must also find its source in the law creating it. <u>Delgado</u>, 224 Ill. 2d at

485. All disciplinary actions under the Human Resource Management System were to be initiated

pursuant to the rules and regulations promulgated in accordance with the Bureau of Human

Resources Ordinance. Cook Co. Municipal Code §44-47, §44-50 (amended April 5, 2000).

Those rules specifically provide a distinct procedural mechanism for a postdisciplinary appeal to the Employee Appeals Board. Instead of a hearing on the employer's charges before the Civil Service Commission, as provided for under the repealed civil service rules (Cook Co. Civ. Service R. IX, §1), the Bureau of Human Resources Ordinance, which created the Employee Appeals Board, provides that after written notice of the disciplinary decision by the department head or designee:

> "The employee may appeal the department head's or designee's
> decision to the Employee Appeals Board by making a written
> request therefor within five calendar days of the effective date of
> discipline." Cook Co. Municipal Code §44-50(b)(1), amended
> April 5, 2000.

Therefore, according to the Bureau of Human Resources Ordinance, the Employee Appeals Board's authority is limited to hearing appeals from disciplinary decisions rendered by the employee's department head or designee. The employee may then seek to appeal that decision by making a written request to the Board. Cook Co. Municipal Code §44-50(b) (amended April 5, 2000).

Here, the Employee Appeals Board had no authority to hear or render a decision on the District's written charges pursuant to the repealed civil service rules. Moreover, the Board's authority to hear an appeal from an employer's decision was never invoked as the District never rendered a disciplinary decision from which plaintiff could have appealed. Cook Co. Municipal

Code §44-50(b)(1) (amended April 5, 2000). Accordingly, the Employee Appeals Board's decision of September 20, 2004, is also void and a nullity. See Delgado, 224 Ill. 2d at 485.

By this decision, we only rule on the Board's lack of jurisdiction to render a decision in this matter. We make no ruling on the merits of the Board's decision or plaintiff's right to seek backpay for his prior suspension. For the foregoing reasons, we reverse the judgment of the circuit court and vacate the decision of the Employee Appeals Board.

Circuit court judgment reversed; Cook County Employee Appeals Board decision vacated.

HOFFMAN and KARNEZIS, JJ., concur.