In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1404

ARTHUR PARRA, SR., et al.,

*Plaintiffs-Appellants,*

*v.*

LANGDON NEAL, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 C 1506—**John W. Darrah**, *Judge.*

ARGUED JUNE 5, 2009—DECIDED JUNE 23, 2010

Before MANION, ROVNER, and TINDER, *Circuit Judges.*

ROVNER, *Circuit Judge.* The plaintiffs, all registered voters in the Chicago Municipal Consolidated Primary Election on February 27, 2007, sued the Board of Election Commissioners for the City of Chicago and its members under 42 U.S.C. § 1983, claiming that the defendants invalidated their votes in violation of their rights under the Fourteenth Amendment. The district court granted summary judgment for the defendants. We affirm the judgment.

At summary judgment, the plaintiffs filed an opposition to the defendants' motion but did not bother to respond to their statement of material facts. *See* N.D. ILL. L. R. 56.1(a)(3), (b)(3). The district court thus accepted the defendants' statement of material facts as true. *See id.* R. 56.1(b)(3)(c); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). We do as well.

In December 2006, Ambrosio Medrano, Daniel Solis, and five others filed nomination papers with the Election Board to be placed on the ballot for the February 27, 2007, primary election as candidates for alderman of the 25th Ward in Chicago. One month later, three voters filed objections to Medrano's nomination papers on the ground that Illinois law barred him from holding office due to a prior felony conviction. *See* 65 ILCS 5/3.1-10-5(b). The Election Board disagreed with the objections, however, and placed Medrano on the ballot as a candidate for alderman. The Circuit Court of Cook County affirmed the Board's decision, but on February 23, four days before the election, the Supreme Court of Illinois overturned the judgment of the circuit court and ordered the Board to reject Medrano's nomination papers and remove his name from the ballot. The state supreme court further directed that, "if removal of Mr. Medrano's name from the ballot cannot be accomplished prior to election day, the Election Board shall be required to disregard any votes cast for him in determining the winner of the election." *Delgado v. Bd. of Election Comm'rs*, 865 N.E.2d 183, 189 (Ill. 2007).

The Election Board determined that it was incapable of reprinting paper ballots and reprogramming touch-screen voting machines to remove Medrano's name from the ballot for the thirty-one precincts in the 25th Ward. The Board decided instead to post signs explaining in three languages that votes for Medrano would not be counted. Those signs were placed at all early voting sites immediately after the state supreme court's decision and at all voting sites on the day of the primary election. On election day, officials also handed individual notices to every voter in the 25th Ward, explaining that votes for Medrano would not be counted. Despite these efforts eighty-eight votes were cast for Medrano on election day. He also had received ninety votes during the early and absentee voting period. The Election Board disregarded all 178 votes for Medrano and declared that Solis had won the election for alderman with over 3,500 votes.

One month after the election, the eight plaintiffs, who had voted for Medrano, sued the Board and its members alleging "intentional retroactive invalidation" of their votes. Six of the eight plaintiffs voted in person on election day, yet none of those six even alleged that they cast their votes without knowing that Medrano had been disqualified. The district court granted summary judgment for the defendants on the ground that the undisputed facts come nowhere close to what would be necessary to establish a § 1983 claim for voting irregularities.

On appeal the plaintiffs renew their principal argument that the defendants violated their right to equal

protection by refusing to count their votes. We review the grant of summary judgment de novo to determine whether the record establishes that the defendants were entitled to judgment as a matter of law. *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). When a plaintiff invokes § 1983 in federal court to challenge the conduct of a state or local election, the district court must balance the protection of the right to vote enshrined in the First and Fourteenth Amendments with the avoidance of excessive entanglement of federal courts in state and local matters. *Dieckhoff v. Severson,* 915 F.2d 1145, 1148 (7th Cir. 1990); *Bodine v. Elkhart County Election Bd.,* 788 F.2d 1270, 1271-72 (7th Cir. 1986). Accordingly, we have held that election irregularities implicate § 1983 only when defendants have engaged in "'*willful* conduct which undermines the organic processes by which candidates are elected.'" *Kozuszek v. Brewer*, 546 F.3d 485, 488 (7th Cir. 2008) (quoting *Bodine,* 788 F.2d at 1272); *see also Dieckhoff,* 915 F.2d at 1148; *Kasper v. Bd. of Election Comm'rs*, 814 F.2d 332, 343 (7th Cir. 1987). "Willful conduct" means, at a minimum, that the defendants acted with the intent of subverting the electoral process or impairing a citizen's right to vote. *See Kozuszek*, 546 F.3d at 488; *Kasper*, 814 F.2d at 343.

In this case the plaintiffs do not even allege, let alone offer proof of, any wrongdoing on the part of the defendants. The Supreme Court of Illinois declared Medrano ineligible for office just four days before election day and recognized that removing his name from the ballot might not be feasible given the short time frame. After the Election Board determined that it would not

be possible to reprint the paper ballots and reprogram all touch-screen voting machines in four days, the decision was made to post at all voting sites in the 25th Ward signs informing voters that votes cast for Medrano would not be counted. Officials also handed out notices to every voter in the 25th Ward on election day. After all voting was completed, the Board complied with the state supreme court's order to disregard the votes cast for Medrano by invalidating those 178 votes.

The plaintiffs contend that invalidation of the Medrano votes[1] was the "result of a series of calculated decisions" by the Election Board. Those decisions, according to the plaintiffs, included the initial rejection of the objections to Medrano's nomination papers (presumably to keep his name on the ballot until it was too late to remove it) and the refusal to postpone election day in the 25th Ward. But the plaintiffs provide no support for this contention. Neither the Board's decision to disregard the ninety votes that were cast for Medrano before the state supreme court ruled, nor its decision to proceed with the scheduled election in the 25th Ward evidence an intent to interfere with the voting process. The plaintiffs cite to no authority for their assumption that the Board had the legal authority to postpone election day only in the 25th Ward, and it is frivolous for the plain-

---

[1] The plaintiffs also argue that the Election Board improperly disregarded votes cast for a write-in candidate, Rollande Girard. But there is no evidence in the record that Girard actually received any write-in votes, and certainly none of the plaintiffs voted for him.

tiffs to imply that the Board was authorized—indeed, compelled—to flout the command of the state supreme court and count the votes cast for Medrano.

The plaintiffs' suit is meritless. They would like the district court to either invalidate the election results or order the Election Board to count all votes that it had thrown out. But rather than contesting the election results according to the procedure set forth under Illinois law, 65 ILCS 5/3.1-25-55, the plaintiffs filed a suit in federal court. We have held that state courts have greater authority than federal courts to interpret and apply state election laws. *See Majors v. Abell*, 317 F.3d 719, 723 (7th Cir. 2003). Here, the Supreme Court of Illinois applied state law and directed the Board to reject Medrano's nomination papers and to disregard votes cast for him. The plaintiffs provide no grounds for federal-court interference with the state supreme court's decision or the Board's implementation of that decision.[2] Therefore, the district court's grant of summary judgment for the defendants is AFFIRMED.

---

[2] Of course the *Rooker-Feldman* doctrine is not implicated here, as this case does not involve an attempt by Medrano to relitigate the issue of his eligibility, but rather involves an independent federal claim made by different plaintiffs which could not have been brought at the time of the original litigation. *See Brokaw v. Weaver*, 305 F.3d 660, 664-65 (7th Cir. 2002).