2025 IL App (1st) 252174-U

FIRST DISTRICT,
SIXTH DIVISION
November 5, 2025

No. 1-25-2174

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | ) ) ) | |
| Plaintiff-Respondent, | ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| v. | ) ) | |
| RENEE A. WASHINGTON, CHICAGO TITLE LAND TRUST COMPANY, as Trustee a/k/a Trust No.8002361708, UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) ) ) ) ) ) | No. 2019 CH 9659 |
| Defendants | ) ) ) | Honorable Chloe G. Pedersen, |
| (Renee A. Washington, | ) ) | Judge Presiding. |
| Defendant-Petitioner). | ) ) | |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Justices Pucinski and Hyman concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court did not abuse its discretion in denying the defendant's motion for a temporary restraining order.

¶ 2      This appeal stems from defendant-petitioner Renee A. Washington's latest challenge to plaintiff-respondent JPMorgan Chase Bank, National Association's (Chase) mortgage secured by her residential property. Washington filed a motion seeking a temporary restraining order (TRO), preliminary injunction, and permanent injunction (TRO motion), seeking to enjoin Chase from proceeding with a foreclosure action on the alleged basis that Chase failed to include two pages of the mortgage when it was initially recorded and committed fraud and forgery when it subsequently recorded the two missing pages. The circuit court denied the TRO motion, finding Washington improperly based her motion on controverted facts and failed to demonstrate irreparable harm. The court also held she was collaterally estopped from raising any arguments regarding alleged fraud or forgery of the mortgage. Washington appeals the denial of the TRO pursuant to Illinois Supreme Court Rule 307(d) (eff. Nov. 1, 2017). Finding the circuit court did not abuse its discretion in denying the TRO, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On September 12, 2011, Chase and Washington executed a note secured by a mortgage on Washington's property in Calumet City, Illinois. When originally recorded on September 21, 2011, Chase omitted pages 3 and 4 of the mortgage. On August 21, 2019, Chase filed a complaint to foreclose the mortgage in the circuit court of Cook County. Six weeks later, Chase recorded an affidavit of scrivener's error, which appended pages 3 and 4 of the mortgage. Washington filed her *pro se* appearance in the foreclosure action on October 29, 2021.

¶ 5      While the case was pending, Washington filed for bankruptcy, which stayed the foreclosure action until 2024. On October 1, 2024, Washington filed an amended answer, affirmative defenses, and counterclaims in the foreclosure action, in which she asserted 29 affirmative defenses and 13

counterclaims predominantly premised on the two pages missing from the recorded mortgage, which she characterizes as fraud or forgery on the part of Chase.

¶ 6 In the spring of 2025, Washington filed her TRO motion to prevent Chase from proceeding with the foreclosure action and enforcing the mortgage. Once again, Washington based her arguments on the missing pages from the recorded mortgage and Chase's alleged fraud in trying to correct that error with "fabricated" pages and "falsified evidence." Washington claimed she had clearly ascertainable rights to "due process, property ownership, freedom of contract, and protection against identity theft and fraud" that were jeopardized by Chase's foreclosure action based on an "ambiguous, misrepresented, and unlawfully altered" mortgage. She also claimed irreparable harm in the "imminent loss of her home, emotional, and financial distress, and misuse of this Court to violate" her due process rights.

¶ 7 In a thoughtful, comprehensive, 33-page memorandum opinion and order, the circuit court struck all of Washington's affirmative defenses and counterclaims with prejudice and denied Washington's TRO motion. The court found the TRO motion was improperly "based solely upon controverted facts and legal conclusions asserting fraud and/or forgery." Washington also failed to show irreparable harm by the fact she may lose her property. As the circuit court noted, "this result is a potential in all mortgage foreclosure matters and is neither immediate nor imminent in this case," and Washington provided no case law granting the court "such broad authority to find that the future possibility of losing a mortgage foreclosure case to be a sufficient basis to find immediate and irreparable harm." The court also found Washington's interest and risk "did not outweigh [Chase's] interest in the property." Furthermore, the court found Washington was collaterally estopped from raising arguments regarding alleged fraud and forgery of the mortgage,

since the bankruptcy court rejected the same arguments when it rejected her fraud defenses and dismissed her adversary proceeding.

¶ 8    On October 27, 2025, Washington petitioned this court for review of the circuit court's denial of her TRO motion pursuant to Illinois Supreme Court Rule 307(d) (eff. Nov. 1, 2017). Although Washington's notice of appeal indicates she seeks review of the denial of her entire TRO motion, in her petition and memorandum on appeal, she only asks us to review the circuit court's denial of a TRO. Accordingly, the sole issue raised in this expedited, interlocutory appeal is whether the circuit court abused its discretion in not granting Washington a TRO. We hold it did not and, therefore, affirm.

¶ 9                                    II. ANALYSIS

¶ 10    A TRO is an emergency remedy used to maintain the status quo while a court is hearing evidence to determine whether a preliminary injunction should issue. *Delgado v. Board of Election Commissioners of the City of Chicago*, 224 Ill. 2d 481, 483 (2007). To warrant the extraordinary remedy of a TRO, Washington must show there is (1) a clearly ascertainable right in need of protection, (2) irreparable harm in the absence of injunctive relief, (3) lack of an adequate remedy at law, and (4) likelihood of success on the merits. *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 80 (2006) (citing *Callis, Papa, Jackstadt & Halloran, P.C. v. Norfolk and Western Railway Co.*, 195 Ill. 2d 356, 366 (2001)). A party must "plead facts which clearly establish a right to injunctive relief, and allegations consisting of mere opinion, conclusion, or belief are not sufficient ***." *Hough v. Weber*, 202 Ill. App. 3d 674, 684 (1990). Further, the court must not decide controverted facts or the merits of the case in ruling on a motion for TRO.

¶ 11    The decision to grant or deny a TRO rests within the sound discretion of the circuit court and we will not disturb that decision absent a clear abuse of discretion. *American Federation of*

*State County and Municipal Employees Council 31 v. Schwartz*, 343 Ill. App. 3d 553, 559 (2003). Accordingly, the only determination we must make on appeal is whether the circuit court properly exercised its broad discretionary powers, *i.e.*, whether "no reasonable person would take the position adopted by the lower court." *Id.*

¶ 12    We agree with the circuit court that Washington improperly based her TRO motion on controverted issues of fact and legal conclusions that will be determined on the merits of her foreclosure action; namely, Washington's allegation that Chase's mortgage is not a perfected lien considering the two missing pages of the mortgage, which were added on later. Chase flatly denies Washington's allegations of fraud and forgery, as well as her legal conclusion that no lien was perfected. A TRO cannot issue where the material factual issues are controverted and Chase's response to Washington's allegations raise a complete defense.

¶ 13    Furthermore, the circuit court did not abuse its discretion in finding Washington failed to show imminent and irreparable harm, which defeats her entitlement to a TRO as a matter of law. As the court found, Washington's risk of losing property is "potential in all mortgage foreclosure matters and is neither immediate nor imminent in this case." Washington failed to provide any factual basis disputing this or case law supporting the proposition that "the future possibility of losing a mortgage foreclosure case to be a sufficient basis to find immediate and irreparable harm."

¶ 14    Citing *Hasco, Inc. v. Roche*, 299 Ill. App. 3d 118, 126 (1998), Washington argues that "Illinois precedent [recognizes] that wrongful deprivation of real property constitutes irreparable harm." *Hasco* is irrelevant, as it has nothing to do with a foreclosure action or potential loss of real property. *Hasco*, 299 Ill. App. 3d at 120 (addressing law firm's appeal from a permanent injunction disqualifying the firm from representing certain clients in an arbitration proceeding).

¶ 15    Because Washington cannot show immediate and irreparable harm, we need not address whether she has established the other elements required for a TRO or whether she was collaterally estopped from raising her fraud and forgery allegations.

¶ 16                                III. CONCLUSION

¶ 17    For the reasons stated, we affirm the judgment of the circuit court of Cook County denying Washington a TRO.

¶ 18    Affirmed.