In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-1409

BRIANNA RAY, as Administrator of the
Estate of ROBERT C. RAY, deceased,

*Plaintiff-Appellant*,

*v.*

CHAUNCEY C. MAHER, III, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 10 C 3199—**Michael M. Mihm**, *Judge.*

ARGUED SEPTEMBER 16, 2011—DECIDED NOVEMBER 1, 2011

Before EASTERBROOK, *Chief Judge,* and WOOD and
TINDER, *Circuit Judges.*

TINDER, *Circuit Judge.* Nearly three years after Robert C.
Ray died in custody at the Sangamon County Jail, the
administrator of Ray's estate filed an eight-count com-
plaint against the jail's doctor (Dr. Maher), the county
sheriff, and seventeen correctional officers and nurses
employed by the county. Count I is a combined Wrongful

Death Act, 740 ILCS 180/2, and Survival Act, 755 ILCS 5/27-6, negligence claim against Dr. Maher. Counts II-VIII allege violations of Ray's Fourteenth Amendment right to basic medical services under 42 U.S.C. § 1983 and name all defendants. The district court dismissed counts II-VIII as time-barred by the two-year Illinois statute of limitations for personal injury actions and declined to exercise supplemental jurisdiction over the remaining state-law claim. The plaintiff argues that the district court should have tolled the limitations period for the § 1983 claims because the sole beneficiary of Ray's estate was a minor when Ray's cause of action arose. (She does not challenge the district court's discretionary declination to retain supplemental jurisdiction over the state law claim in Count I. She only asks for it to be reinstated if the § 1983 claims are.) As the district court recognized, her argument is meritless. We affirm.

## I. BACKGROUND

Ray was arrested for contempt of court on September 25, 2007. Before being placed in the Sangamon County Jail, Ray was treated for alcohol withdrawal at St. John's Hospital. He was ill again soon after being jailed, but, according to the complaint, his repeated requests for medication were denied. He was assigned "high risk" status and scheduled to be observed every fifteen minutes. When Dr. Maher examined Ray at approximately 1:30 p.m. on the 28th, he noted that Ray was diaphoretic and disoriented and seemed to be hallucinating. Dr. Maher prescribed Haldol and Libruim.

The drugs were eventually administered, but Ray was not taken to a hospital. By 11 p.m. on the 28th, a correctional officer saw that Ray was sweating, mumbling incoherently, and not responding to his name. Ray was totally unresponsive by 11:45 p.m. and EMTs declared him dead just before midnight.

Gina Miller, Ray's ex-wife, was named administrator of Ray's estate on August 4, 2010. She filed this action in the Central District of Illinois on August 6, 2010. The defendants filed a motion to dismiss, which pointed out that the § 1983 claims were not filed within the applicable two-year limitations period. The district court granted the motion, indicating that the age of a beneficiary is irrelevant to the limitations analysis for a claim brought by the estate.

Brianna Ray, the daughter of Robert C. Ray and Gina Miller and the sole beneficiary of her father's estate, recently turned eighteen and replaced Miller as administrator. We note this change primarily to explain the case caption; it has no effect on our decision.

## II. DISCUSSION

We review de novo a district court's order granting a Rule 12(b)(6) motion to dismiss based on the statute of limitations. *Middleton v. City of Chicago*, 578 F.3d 655, 657 (7th Cir. 2009).

Notwithstanding the sad facts underlying this case, the estate's § 1983 claims are obviously untimely and must be dismissed. Federal law does not set the limita-

tions period in § 1983 actions. Instead, 42 U.S.C. § 1988(a) instructs us to look to state law. Specifically, we look to the limitations period for personal injury actions. *Anderson v. Romero*, 42 F.3d 1121, 1124 (7th Cir. 1994). In Illinois, that period is two years. 735 ILCS 5/13-202; *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). The limitations period is applied in its entirety, complete with related tolling provisions. *Hardin v. Staub*, 490 U.S. 536, 538 (1989) ("Courts . . . should not unravel state limitations rules unless their full application would defeat the goals of the federal statute at issue."). From the time his cause of action accrued, between September 25th and 28th, 2007, Ray and then his representative had two years to sue for violations of Ray's constitutional rights. 735 ILCS 5/13-209(a)(1). Because the former administrator, Miller, was (and had to be) an adult, and because there is no allegation that the defendants have interfered with her ability to state a claim, the plaintiff has presented no justifiable reason to toll the limitations period. The age of the beneficiary of the estate makes no difference. In order to be timely, Ray's § 1983 claims had to be filed by September 28, 2009. This suit was filed more than ten months late, on August 6, 2010. The district court, therefore, properly dismissed Ray's § 1983 claims. *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) (explaining that although a statute of limitations defense is not usually part of a Rule 12(b)(6) motion to dismiss, "when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

The plaintiff's argument to the contrary—that the limitations period should be tolled because the beneficiary of the estate was a minor when the claim arose—is both novel and unsupported. Imagine if she were correct. We can presume that there are, and have been, thousands of estates with minor beneficiaries in Illinois alone. Is it possible that claims belonging to those estates are tolled until the beneficiaries reach the age of majority? That would be an extraordinary right for estates. And if estates did have such a right, we would expect it to be reflected in the Illinois code, or in at least a single case, in some jurisdiction. The plaintiff can find no such law or case, of course, because there is no such right.

When someone entitled to sue under § 1983 dies, and the claim inures to his or her estate, the administrator must diligently pursue the claim or lose it, much like the allegedly injured person entitled to bring the claim in the first place. An administrator's position is not identical to the injured party's because Illinois gives a representative up to an extra year to bring a claim if the person originally entitled to bring it dies with less than a year left in the limitations period. 735 ILCS 5/13-209(a)(1). But that nuance has no bearing on this case since Ray died the same day as his claims accrued. A representative had to bring the estate's claims within two years of that day, September 28, 2007. Unfortunately for Brianna, the beneficiary of Ray's estate, that is not what happened and the estate's § 1983 claims are now time-barred.

The argument that Brianna's age somehow matters is belied by another settled point of law: § 1983 claims are personal to the injured party. *See, e.g.*, *Russ v. Watts*, 414 F.3d 783, 790 (7th Cir. 2005) (holding that parents may sue only for constitutional injury to themselves, not for constitutional injuries to their son); *Estate of Johnson by Castle v. Libertyville*, 819 F.2d 174, 178 (7th Cir. 1987) (holding that parents cannot recover under § 1983 for injuries to their daughter, but only for injuries to themselves); *Spence v. Staras*, 507 F.2d 554, 557 (7th Cir. 1974) (holding that a parent could sue only in a representative and not an individual capacity for a deprivation of her son's constitutional rights). Until now, our cases have left this bedrock principle of § 1983 law in the background and it has partially surfaced mainly where parents have sued for injures to their children. But other circuits have been more explicit about the general point. *See, e.g,. Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (a § 1983 claim is "entirely personal to the direct victim of the alleged constitutional tort . . . only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim"); *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (it is a "well-settled principle that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else"). So, if § 1983 claims are personal to the party alleging a constitutional injury, facts about Brianna—as a beneficiary of Ray's estate, as a minor, or as a party entitled to bring a state-law wrongful death claim—could only matter for the limitations period if *she* were alleging a constitutional injury

*to herself*. As set out in the complaint and as conceded at argument, however, the § 1983 claims in this case involve only the "deprivation of Robert Ray's 14th Amendment rights to basic health care services." Brianna has *not* alleged a constitutional injury to herself based on loss of society with her father, so she does not seek to have us address whether the rule in *Russ*, 414 F.3d at 790, applies to a claim by a child for constitutional injuries to her parent.

Finally, we suspect that the plaintiff has confused the way state law factors into *remedies* available under § 1983 with the way state law determines the *limitations period*. With regard to the limitations period, the law could not be more straightforward: courts look to the state personal injury statute of limitations and its attendant tolling provisions. The limitations period, therefore, has nothing to do with the Illinois Wrongful Death Act and does not depend on who may benefit from the suit. Remedies, however, are different. An estate bringing a decedent's § 1983 claims may seek damages allowable under a state wrongful death statute. *See*, *e.g.*, *Bass v. Wallenstein*, 769 F.2d 1173, 1189 (7th Cir. 1985) (considering the Illinois Wrongful Death Act to determine the proper measure of damages in a § 1983 suit alleging violations of decedent's Eighth and Fourteenth Amendment rights). But just because it may be appropriate to consider the Illinois Wrongful Death Act in relation to remedies does not mean that same state law has any relevance when determining the limitations period. *Wilson v. Garcia*, 471 U.S. 261, 276-77 (1985), made it clear that the *only* state-law limitations provisions relevant to § 1983 claims are those that

pertain to personal injury actions. After *Wilson*, courts are no longer free to borrow "the most appropriate [limitations period] provided by state law." *Johnson v. Railway Express Agency*, 421 U.S. 454, 462 (1975). But, having confused how we may determine the correct measure of damages with the way we must analyze the limitations period, that is just what the plaintiff has asked us to do.

## III. CONCLUSION

The statute of limitations has run on the estate's § 1983 claims and they were properly dismissed.

AFFIRMED.