**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 5, 2012[*]
Decided December 21, 2012

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1884

| | |
|---|---|
| JASMINE JIMENEZ, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 11-cv-4707 |
| MICHAEL J. WALLER and LAURA HORNER, *Defendants-Appellees.* | John W. Darrah, *Judge.* |

**O R D E R**

Jasmine Jimenez sued prosecutors Michael Waller and Laura Horner under 42 U.S.C. § 1983, alleging that they deprived her of her rights as a victim of a sexual assault, including the right to make a victim impact statement at the trial of the man accused of assaulting her. The district court dismissed the suit, and we affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Jimenez and her mother, Denise Rotheimer, contacted Horner, an assistant State's Attorney for Lake County, in early 2003 seeking information about the pending trial of Michael DeSario. DeSario was accused of sexually assaulting Jimenez, a minor at the time. Jimenez asked for permission to make a victim impact statement and retain legal counsel, rights that she believes Illinois law provides. Horner denied her requests. DeSario later pleaded guilty, but Rotheimer objected to the proposed sentence. In light of Rotheimer's objection, the court issued a sentence higher than the parties had proposed. DeSario was paroled from prison in February 2009; two months later in April, DeSario was reimprisoned for violating his parole. Jimenez and Rotheimer contacted the prosecutor in April, again asking for information about DeSario's parole violation and requesting to make a victim impact statement. But Waller, the Lake County State's Attorney, refused their requests.

Jimenez sued under 42 U.S.C. § 1983 in July 2011, alleging that the two defendants deprived her of rights afforded to victims of crime under Illinois law, including the right to counsel, the right to information about the prosecution against DeSario, and the right to present a victim impact statement. *See* 725 ILCS 120 §§ 4, 6. She sought a declaration that Illinois's victims' rights laws violate the due process clause of the Fourteenth Amendment of the United States Constitution because they do not provide a right to sue for damages, *see id.* § 9. She also requested an order requiring the state trial court to file her victim impact statement in DeSario's criminal case. The district court dismissed the complaint, concluding that Jimenez failed to allege the denial of a federal right.

Jimenez argues on appeal that the district court erred in dismissing her case because it ignored the federal basis of her asserted rights. She points to the Illinois Rights of Crime Victims and Witnesses Act (725 ILCS 120), the federal Crime Victims' Rights Act (18 U.S.C. § 3771), the Illinois Constitution, and the United States Constitution as bases for her asserted federal victims' rights. She also maintains that Illinois law unconstitutionally denies her the opportunity to enforce these rights.

The district court correctly ruled that state law alone does not provide Jimenez with an enforceable federal right for purposes of § 1983. *See Goros v. Cnty. of Cook*, 489 F.3d 857, 859–60 (7th Cir. 2007). Additionally, the federal Crime Victims' Rights Act applies only to victims of federal crimes, *see* 18 U.S.C. § 3771(e), and DeSario was convicted under Illinois law. Jimenez may also be attempting to assert another legal theory: that her victim impact statement and information about the DeSario prosecution are forms of speech protected by the First Amendment, which as a matter of due process applies to the states. *See McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 336 n.1 (1995).

Without deciding whether the rights that Jimenez wants to enforce are constitutionally protected, we conclude that Jimenez's claims fail for other reasons. To the

extent that she seeks relief to remedy a past wrong, her claim is untimely. The statute of limitations for a § 1983 suit in Illinois is two years. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Ray v. Maher*, 662 F.3d 770, 772–73 (7th Cir. 2011). The clock began running for Jimenez, at the latest, in April 2009, when DeSario was reimprisoned for his parole violation; this was the last time that, according to Jimenez, the defendants refused to accept her victim impact statement or give her information about DeSario. *See Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 578–79 (7th Cir. 2009). She could have brought her § 1983 suit within two years of April 2009; instead, she sued in July 2011. Both parties addressed the issue of the time bar in their briefs, but Jimenez offers no excuse for her untimeliness and no reason to toll the statute of limitations.

Additionally, to the extent that Jimenez seeks declaratory or injunctive relief barring any future denial of her attempt to make a victim impact statement, she fails to allege standing. She does not assert that she is likely to be the victim of another crime or that she will otherwise be denied the opportunity to make a victim impact statement in the future; such a possibility depends on mere speculation about unforeseeable events, which is insufficient to establish either an ongoing injury or a likelihood of future harm. *See Los Angeles v. Lyons*, 461 U.S. 95, 102–05 (1983); *Sierakowski v. Ryan*, 223 F.3d 440, 442–44 (7th Cir. 2000). Absent a plausible ground for alleging ongoing injury, Jimenez lacks standing to sue.

Finally, Jimenez asserts on appeal that the district court erred in awarding attorney's fees to Waller and Horner. Because the district court made no such order, we do not address this contention.

**AFFIRMED**.