# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**BankFinancial, FSB v. Tandon, 2013 IL App (1st) 113152**

---

| | |
|---|---|
| Appellate Court Caption | BANKFINANCIAL, FSB, Successor in Interest to Success National Bank, Plaintiff-Appellant, v. JAGDISH TANDON and AMITRON, INC., an Illinois Corporation, Defendants-Appellees. |
| District & No. | First District, Third Division<br>Docket No. 1-11-3152 |
| Filed<br>Rehearing denied | March 13, 2013<br>April 12, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for foreclosure, breach of contract and breach of guaranty, the dismissal without prejudice of the count seeking foreclosure in plaintiff's first complaint and the dismissal of the remaining counts of that complaint for want of prosecution were not final orders and, therefore, the complaint refiled by plaintiff within one year of the initial dismissal order pursuant to section 13-217 of the Code of Civil Procedure based on two of the breaches alleged in the first complaint was not barred by the doctrine of *res judicata* or the rule against claim-splitting. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-L-01162; the Hon. Daniel J. Pierce, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | John F. Sullivan and James M. Crowley, both of Crowley & Lamb, P.C., of Chicago, for appellant. |
| | |
| | Daniel P. Dawson, William A. Walker, and Brittany E. Kirk, all of Nisen & Elliott, LLC, of Chicago, for appellee Jagdish Tandon. |
| | |
| | Michelle J. Rozovics, of Rozovics Law Firm, LLC, of Chicago, for appellee Amitron, Inc. |

Panel        JUSTICE HYMAN delivered the judgment of the court, with opinion.

Presiding Justice Neville and Justice Sterba concurred in the judgment and opinion.

## OPINION

¶ 1        Plaintiff, BankFinancial, FSB, successor by merger to Success National Bank, appeals the trial court's order granting defendants' cross-motions for summary judgment based on the equitable doctrine of *res judicata* and the rule against claim-splitting. Plaintiff filed a five-count[1] complaint against defendants, Jagdish Tandon and Amitron, Inc. (*BankFinancial I*), seeking: (1) foreclosure of a leasehold mortgage; (2) breach of contract against defendant Tandon related to a promissory note in the amount of $1.2 million; (3) breach of guaranty against defendant Amitron, Inc., related to the same promissory note; (4) breach of contract against Tandon related to a promissory note in the amount of $80,000; and (5) breach of contract against Tandon related to a promissory note in the amount of $66,400. On September 8, 2006, plaintiff orally requested that count I be nonsuited and the matter was transferred from the chancery division to the law division for all further proceedings. The remaining counts were dismissed for want of prosecution in an order dated February 4, 2008 (DWP Order). The DWP Order was never vacated.

¶ 2        On January 30, 2009, plaintiff filed a new action (*BankFinancial II*), within one year of the DWP Order as permitted by section 13-217 of the Illinois Code of Civil Procedure (735 ILCS 5/13-217 (West 2008)). *BankFinancial II* contained counts II and III, pled in *BankFinancial I*: breach of promissory note for $1.2 million by Tandon and breach of the guaranty on the same promissory note by Amitron. The trial court granted defendants' cross-motion for summary judgment, holding the doctrine of *res judicata* barred *BankFinancial II.* The trial court held that as a matter of law the September 8, 2006, order in *BankFinancial I* voluntarily dismissing count I without prejudice became final and appealable when the DWP Order was not vacated within 30 days, despite plaintiff's timely filing of

---

[1]Plaintiff contends the 2003 original complaint only contained three counts.

*BankFinancial II* under section 13-217. The trial court held the voluntary dismissal order constituted a final judgment as to count I of the original action sufficient to bar the second action under the doctrine of *res judicata* and rule against claim-splitting as articulated in *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325 (1996), and *Hudson v. City of Chicago*, 228 Ill. 2d 462 (2008).

¶ 3        The September 8, 2006, order dismissing, without prejudice, count I of *BankFinancial I* is not a final order because it does not terminate the litigation between the parties on the merits. Plaintiff voluntarily decided not to further pursue count I, the leasehold mortgage foreclosure cause of action, after discovery revealed the cause of action to be ill-founded. Hence, the dismissal of the foreclosure count was not a final order because it was the intended voluntary act of plaintiff and not relief sought by either defendant. The February 4, 2008, order that dismissed counts II, III, IV and V for want of prosecution was not a final order because it did not terminate the litigation between the parties on the merits or adjudicate the rights of the parties on the entire controversy or a separate branch thereon. Plaintiff's timely filing of *BankFinancial II* under section 13-217 did not alter the September 8, 2006, order's interlocutory nature. Therefore, because the September 6, 2006, order that dismissed count I and the February 4, 2008, order that dismissed counts II, III, IV and V for want of prosecution were not final orders, *BankFinancial II* implicated neither the doctrine of *res judicata* nor the rule against claim-splitting. Accordingly, we reverse the trial court's order granting summary judgment and remand for further proceedings.

¶ 4                                          BACKGROUND

¶ 5        On September 8, 2006, plaintiff took a voluntary nonsuit of count I of *BankFinancial I*, a claim for foreclosure of a leasehold mortgage. The order entered by the court stated that count I was "stricken without prejudice." The breach of contract and breach of guaranty claims remained. The case was then transferred to the law division. The following was written on the transfer order as the reason for the transfer, "Plaintiff non-suited its mortgage foreclosure claim. Breach of contract claims remain pending."

¶ 6        Following transfer to the law division, dismissals for want of prosecution were repeatedly entered over the next year and a half, followed by repeated timely motions to vacate the dismissals. From October 23, 2006, to February 4, 2008, four DWP orders were entered. On March 4, 2008, plaintiff filed a motion to vacate the fourth DWP order, claiming it missed court due to misdocketing the court date. Plaintiff's motion was never noticed up or presented to the court. No other activity took place during this time.

¶ 7        On January 30, 2009, plaintiff filed *BankFinancial II*, which was amended on December 30, 2009. Plaintiff alleged breach of contract against Tandon on the $1.2 million note (count I) and against Amitron, breach of contract for guaranty of the same note (count II). Other than the interest amounts, all other allegations against the parties were identical to the claims as raised in *BankFinancial I*. Plaintiff did not refile count I of *BankFinancial I*, foreclosure of a leasehold mortgage, because plaintiff had determined there was no basis in law or fact for

refiling that claim.

¶ 8     On April 12, 2010, while defending against plaintiff's motion to strike its affirmative defenses and for summary judgment, defendant Amitron filed a cross-motion for summary judgment as to its first affirmative defense, *res judicata*, and its third affirmative defense, *laches*. Plaintiff filed a response to Amitron's cross-motion and at the same time filed its reply to its own dispositive motions. Amitron replied to plaintiff's response.

¶ 9     On February 16, 2011, the trial court heard argument. When the parties raised the issue of *res judicata*, the court asked them to submit supplemental briefs addressing: (1) claim-splitting under *Hudson v. City of Chicago,* 228 Ill. 2d 462 (2008), and (2) the finality of the September 8, 2006, order, striking, without prejudice, count I of *BankFinancial I*.

¶ 10    On September 20, 2011, the trial court heard the parties' arguments, and held, as defendants had urged, that the voluntary dismissal of count I of *BankFinancial I* on September 8, 2006, together with the February 4, 2008, DWP Order, constituted an adjudication sufficient for *res judicata* once the deadline for vacating the DWP Order expired and, therefore, granted defendants' motion for summary judgment. The court stated, "once the DWP–the fourth DWP was entered, all BankFinancial's problems started at that point." The trial court also held that plaintiff's subsequent filing of *BankFinancial II* gave rise to issues claim-splitting, as discussed in *Hudson* and its progeny. The court noted that *res judicata* and claim-splitting issues all arose because BankFinancial did nothing until it filed *BankFinancial II*.

¶ 11    Plaintiff timely appealed.

¶ 12                                    ANALYSIS

¶ 13                         Contentions of the Parties

¶ 14    Plaintiff argues that because the dismissal of the leasehold mortgage claim was its intended voluntary act, not involuntary relief sought by any defendant, it could not be a final judgment. Plaintiff further argues its timely refiling of *BankFinancial II* under the savings provision of section 13-217, resulted in all orders entered in *BankFinancial I*, "remaining forever interlocutory in nature." See 735 ILCS 5/13-217 (West 2010). Plaintiff argues there was never an adjudication on the merits of "any" *BankFinancial I* cause of action and all of the cases relied on by defendants to hold *BankFinancial II* was barred by *res judicata, Hudson v. City of Chicago*, 228 Ill. 2d 462 (2008), and its progeny, are distinguishable as each involved involuntary dismissal under Illinois Supreme Court Rule 273. See *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325 (1996) (involuntary dismissal of rescission counts based on statute of limitation); *Hudson*, 228 Ill. 2d at 465 (trial court granted defense motion to dismiss negligence claim on immunity grounds); *Matejczyk v. City of Chicago*, 397 Ill. App. 3d 1 (2009) (involuntary dismissal of negligence claim based on statute of limitations). Plaintiff contends that because it filed *BankFinancial II*, a new action as permitted under section 13-217, the September 8, 2006, interlocutory order dismissing count I of

*BankFinancial I* (1) was not converted into a final order with the expiration of the refiling period and (2) was not a final order that would satisfy the first element of *res judicata*.

¶ 15        Defendants contend the trial court properly entered summary judgment as a consequence of plaintiff having engaged in impermissible claim splitting by allowing dismissal for want of prosecution of its breach of contract claims from *BankFinancial I*, refiled in *BankFinancial II*, after the foreclosure count had been stricken.

¶ 16                                        Summary Judgment

¶ 17        "*Res judicata* is an equitable doctrine designed to prevent the multiplicity of lawsuits between the same parties and involving the same facts and the same issues." *Murneigh v. Gainer*, 177 Ill. 2d 287, 299 (1997). It "applies to bar issues that were actually decided in the first action, as well as matters that could have been decided." *Lane v. Kalcheim*, 394 Ill. App. 3d 324, 329 (2009). "Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Id.*

¶ 18        An order is final and thus appealable if it either terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate branch thereof. *Wilson v. Edward Hospital*, 2012 IL 112898, ¶ 19 (citing *Hull v. City of Chicago,* 165 Ill. App. 3d 732, 733 (1987)). "A ruling which is not a final order does not in any manner affect or determine any subsequent proceeding." *Arnold Schaffner, Inc. v. Goodman*, 73 Ill. App. 3d 729, 732 (1979).

¶ 19        The party asserting *res judicata* as a preclusion to the second action bears the burden of showing with clarity and certainty what was determined by the prior judgment. *People ex rel. Scott v. Chicago Park District*, 66 Ill. 2d 65, 68 (1976); *Redfern v. Sullivan*, 111 Ill. App. 3d 372, 377 (1983). This is a heavy burden of proof. *Gale v. Transamerica Corp.*, 65 Ill. App. 3d 553 (1978).

¶ 20        Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005 (West 2010). The trial court may grant summary judgment after considering the pleadings, depositions, admissions, exhibits, and affidavits on file in the case and construing that evidence in favor of the nonmoving party. *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986). We review the circuit court's decision to grant summary judgment *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 21        The Latin phrase *res judicata* means "a thing adjudicated." Black's Law Dictionary 1425 (9th ed. 2009). At the core of *res judicata* is the intent "[t]o preclude parties from contesting matters that they have had a full and fair opportunity to litigate." *Montana v. United States*, 440 U.S. 147, 153 (1979). "[A] full and fair opportunity to litigate" requires a final judgment adjudicated on the merits. See, *e.g.*, *Philips Electronics N.V. v. New Hampshire Insurance Co.*, 312 Ill. App. 3d 1070, 1080 (2000) (*res judicata* applies to a claim fully litigated in an

earlier proceeding).

¶ 22    If a plaintiff voluntarily dismisses his or her case pursuant to section 2-1009 of the Code (735 ILCS 5/2-1009 (West 2010)) or if a plaintiff's action is dismissed for want of prosecution, section 13-217 of the Code permits a plaintiff to refile the action within one year or within the remainder of the statute of limitations, whichever is greater. 735 ILCS 5/13-217 (West 2010). "Section 13-217 operates as a savings clause, with the purpose of facilitating disposal of the litigation on the merits and to avoid its frustration upon grounds unrelated to the merits." *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 497 (1998) (citing *Gendek v. Jenhangir*, 119 Ill. 2d 338, 343-44 (1988)).

¶ 23    The trial court in *BankFinancial II* expressly found the dismissal of count I of *BankFinancial I* did not constitute an involuntary dismissal of an action and, therefore, found inapplicable Rule 273, pertaining to the effect of an involuntary dismissal. In the transfer order in *BankFinancial I*, the court documented that count I was voluntarily "non-suited" by plaintiff. Moreover, on the face of the order, the court stated the dismissal of count I was "without prejudice."

¶ 24    Defendants make a point of the use of the word "strike," instead of "dismissal," in the September 8, 2006, order. They argue that "strike" should be interpreted as alluding to a substantive decision by plaintiff on the merits. Yet, nothing in the record indicates that "strike" has a meaning other than its common meaning, "to delete something." Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/strike. Also, notably, the order was drafted by one of defendants' counsel, plaintiff's counsel having left the courtroom.

¶ 25    In *Hudson*, the supreme court dealt with the dangers of claim-splitting. The plaintiffs in *Hudson* filed a two-count wrongful death complaint. *Hudson*, 228 Ill. 2d at 466. Following the involuntary dismissal of its negligence claim (the court granted defendant's motion to dismiss on the ground that the City and its employees were immune from liability), the plaintiffs voluntarily dismissed their remaining willful and wanton misconduct claim under section 2-1009(a) of the Code (735 ILCS 5/2-1009(a) (West 2000)). *Hudson*, 228 Ill. 2d at 466. Later, plaintiffs refiled their wrongful death action setting out a single count for willful and wanton misconduct. *Hudson*, 228 Ill. 2d at 466. The *Hudson* court held that the plaintiffs' refiling of its willful and wanton count was barred by *res judicata* because the court, in the underlying case, dismissed the negligence count with prejudice before the voluntary dismissal of the willful and wanton count. *Hudson*, 228 Ill. 2d at 471. In affirming, the supreme court reasoned that the underlying court's dismissal of the negligence count with prejudice extinguished one entire theory of the case, and the plaintiff's voluntary dismissal, and subsequent refiling, of the remaining willful and wanton claim resulted in impermissible claim-splitting. *Hudson*, 228 Ill. 2d at 471; see also *Wilson*, 2012 IL 112898, ¶ 12 (claim-splitting occurs when the same set of facts is necessary to maintain and prove both cases).

¶ 26    *Hudson* also clarified the supreme court's earlier decision in *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325 (1996), in which the supreme court addressed for the first time the issue of whether a plaintiff can inadvertently bar its own action under the doctrine of *res judicata*

when the plaintiff's pleading is stricken and later plaintiff voluntarily dismisses the pleading. The *Hudson* court clarified its position as follows:

> "If a plaintiff uses sections 2–1009 and 13–217 to voluntarily dismiss and refile a claim after another part of the cause of action has gone to *final judgment* in a previous case, that plaintiff will have engaged in claim-splitting. Thus, in *Rein*, this court acknowledged a plaintiff's rights under sections 2–1009 and 13–217 but stated that 'we do not believe that these sections should be read to automatically immunize a plaintiff against the bar of *res judicata* or other legitimate defenses a defendant may assert in response to the refiling of voluntarily dismissed counts.' *Rein*, 172 Ill. 2d at 342-43." (Emphasis added.) *Hudson*, 228 Ill. 2d at 482.

¶ 27    We agree with plaintiff that *Hudson* and its progeny are inapplicable. The doctrine of *res judicata* cannot apply because the court's order disposing of count I of *BankFinancial I* was not an involuntary dismissal based on an infirmity in plaintiff's case, but a voluntary dismissal based on section 2-1009 of the Code of Civil Procedure. 735 ILCS 5/2-1009 (West 2010). Accordingly, the September 8, 2006, order was not an adjudication on the merits of any of plaintiff's claims in *BankFinancial I*.

¶ 28    In *SC Vaughan Oil Co.*, the supreme court warned:

> "[P]laintiffs ignore the fact that they are in control of their own litigation and are left with the choice as to whether and when to refile their case once they suffer a DWP. As this court has previously observed in both *Flores* and *Wold*, plaintiffs are statutorily afforded the option of refiling under section 13-217 and the choice of litigation tactics is left to plaintiffs. However, if plaintiffs err and fail to meet the statutorily prescribed time limitations, then their dilemma is a result of their own doing. Once a DWP becomes final, in order to revest the trial court with jurisdiction the plaintiff must meet the requirements to vacate that order under section 2-1401." *SC Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 506-07 (1998).

¶ 29    The February 4, 2008, order dismissing the remaining counts, counts I, III, IV and V of *BankFinancial I*, for want of prosecution was not a final judgment because it did not terminate the litigation between the parties on the merits. *Wilson*, 2012 IL 112898, ¶ 19; see also *O'Reilly v. Gerber*, 95 Ill. App. 3d 947, 950 (1981) ("it is clear from a perusal of [Illinois] cases that a dismissal for want of prosecution has always been considered not to be an adjudication on the merits, not to prejudice the case of the party against whom it is entered, and not to act as a bar to a subsequent suit on the same issues").

¶ 30    Here, plaintiff properly took advantage of its statutorily afforded option of refiling under section 13-217 by filing *BankFinancial II* within one year of the fourth DWP order of *BankFinancial I*. That count I of *BankFinancial I* was voluntarily dismissed before the DWP order is of no consequence and certainly could not and, did not, cause the DWP order to become a final judgment, when plaintiff filed *BankFinancial II* without the foreclosure count. A DWP order only becomes a final order after the one-year right to refile expires. See *SC Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 502 (1998) ("at the

time the refiling period expires [under section 13-217], the DWP constitutes a final judgment because, at this juncture, the order effectively 'ascertains and fixes absolutely and finally the rights of the parties in the lawsuit' " (quoting *Flores v. Dugan*, 91 Ill. 2d 108, 112 (1982))); see also *LaSalle National Trust, N.A. v. Lamet*, 328 Ill. App. 3d 729, 733 (2002) (dismissal of plaintiff's cause for want of prosecution is not final and appealable unless plaintiff's opportunity to refile under section 13-217 has expired). Hence, when plaintiff filed *BankFinancial II* on January 30, 2009, within one year of the DWP Order, dated February 4, 2008, there had been no final determination on the merits, including the September 8, 2006, order, which could have triggered the doctrine of *res judicata* and issues of claim-splitting.

¶ 31     Defendants' argument under *Hudson* hinges on there having been a final judgment entered on one of the counts in *BankFinancial I*. Here neither the September 8, 2006 order dismissing count I nor the February 4, 2008, DWP order dismissing counts II, III, IV and V terminated the litigation on the merits so there was no final judgment on any portion of plaintiff's claims in *BankFinancial I* (*Wilson*, 2012 IL 112898, ¶ 19), and there was no claim-splitting because a different set of facts would be required to prove the foreclosure claim in count I and the breach of contract claims in counts II, III, IV and V (*Wilson*, 2012 IL 112898, ¶ 12).

¶ 32     In filing *BankFinancial II*, plaintiff properly invoked the savings statute of section 13-217 to refile its claims from *BankFinancial I*. 735 ILCS 5/13-217 (West 2010). Accordingly, the trial court erred when it entered an order granting summary judgment in favor of defendants predicated on *Hudson* and its progeny.

¶ 33                              Constitutional Argument

¶ 34     Plaintiff also contends the trial court's decision violates Illinois' separation of powers provisions set forth in article 2, section 1, of the Illinois Constitution (Ill. Const. 1970, art. II, § 1). Article 2, section 1, of the Illinois Constitution provides that the legislative, executive, and judicial branches must not exercise powers that belong to another; each branch is to operate separately. Plaintiff contends the trial court's decision infringes the separation of powers provision by allowing the judicial branch to "effectively vitiate the savings statute" enacted by the legislative branch and embodied in section 13-217.

¶ 35     We decline to address plaintiff's constitutional arguments as doing so is not necessary to the disposition of this case and the supreme court has repeatedly stated its preference that "cases should be decided on nonconstitutional grounds whenever possible, reaching constitutional issues only as a last resort." *In re E.H.*, 224 Ill. 2d 172, 178 (2006).

¶ 36                                  CONCLUSION

¶ 37     Plaintiff voluntarily dismissed count I, an action that did not, and could not, result in the DWP Order becoming final. The DWP Order on the remaining counts could only become

final with the passage of one year from the time the order was entered. Accordingly, there is no basis to find claim-splitting.

¶ 38   Reversed and remanded.