NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2013[*]
Decided September 26, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 12-3560 | |
| | Appeal from the United States District |
| ADEOYE ADEBOWALE, | Court for the Northern District of Illinois, |
|     *Plaintiff-Appellant,* | Eastern Division. |
| | |
|     *v.* | No. 12 C 6005 |
| | |
| WALLACE A. GRIFFITH, *et al.,* | Robert W. Gettleman, |
|     *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Adeoye Adebowale appeals both the dismissal of his untimely civil-rights suit against the City of Chicago and several of its police officers, as well as the denial of his motion for postjudgment relief. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Adebowale, a Chicago resident, alleges that the defendants unlawfully searched his home, detained him, and disseminated false and stigmatizing information about him. According to Adebowale, his trouble with the defendants began in 2008 when a group of Chicago police officers, responding to an unspecified "incident" reported by a former girlfriend, unlawfully entered and searched his apartment without a warrant. In an unrelated incident a year later, he further alleged, other officers, conspiring with another girlfriend (Troy McMillan), unlawfully detained him for 30 minutes at Midway Airport.[2] During his detention, he says, the defendants shared false information with Southwest Airlines about his unauthorized use of McMillan's credit card; this information, he asserts, has damaged his reputation and caused him to be subjected to unauthorized searches and scrutiny at airports. The district court granted the defendants' motion to dismiss Adebowale's untimely complaint, filed three years after his claims accrued.

Adebowale then argued that the judgment was void under Federal Rule of Civil Procedure 60(b) because the district court lacked discretion to entertain the defendants' joint motion to dismiss. The motion was untimely, he maintained, because the defendants filed it two days after the deadline for the City of Chicago for submitting a responsive pleading (no timeliness problems affected the remaining defendants who had been served later). *See* FED. R. CIV. P. 12(a)(1)(ii). The district court summarily denied Adebowale's Rule 60(b) motion.

On appeal Adebowale first challenges the dismissal of his complaint on untimeliness grounds and contends that—despite the defendants ceasing their conduct as far back as 2009—he continues to suffer harm resulting from the defamatory information released about him (i.e., airport security personnel search him whenever he travels). But the lingering effects or consequences of a discrete violation do not extend the statute of limitations. *See United States v. Midwest Generation, LLC*, 720 F.3d 644, 646–47 (7th Cir. 2013); *Turley v. Rednour*, --- F.3d ----, 2013 WL 3336713, *6–7 (7th Cir. July 3, 2013) (Easterbrook, C.J., concurring); *Limestone Dev. Corp.*, 520 F.3d at 801–02; *Pitts v. City of Kankakee, Ill.*, 267 F.3d 592, 596–97 (7th Cir. 2001). And Adebowale's claims about any discrete violations of his rights are untimely because they were not filed within the two-year statute of limitations for § 1983 suits in Illinois, *see Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Ray v. Maher*, 662 F.3d 770, 772–73 (7th Cir. 2011), or within a year after his first suit was dismissed for want of prosecution. *See* 735 ILCS 5/13-217; *BankFinancial, FSB v. Tandon*, 989 N.E.2d 205, 210 (Ill. App. Ct. 2013).

---

[2] The allegedly unlawful search and detention were the subject of a prior suit Adebowale brought in 2009; that suit was dismissed for want of prosecution in 2010 because Adebowale failed to respond to the defendants' inquiries or discovery requests.

    With regard to the denial of his Rule 60(b) motion, Adebowale maintains that the district court should not have entertained the defendants' motion to dismiss because it was submitted after the City's deadline for filing a responsive pleading. But Adebowale's claims against the City are no different than those against the remaining defendants—claims that we and the district court have concluded are untimely. Given this conclusion, we cannot see how Adebowale was prejudiced by the late motion to dismiss, nor can we say that the district court abused its discretion by accepting it. *See Lewis v. School Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008); *Mommaerts v. Hartford Life and Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007).

    In his reply brief, Adebowale asserts for the first time that the defendants falsified and disclosed a record of his arrest and an order of protection filed against him. But he waived this claim by failing to present it before the district court or in his opening brief. *See Seitz v. City of Elgin*, 719 F.3d 654, 656 n.1 (7th Cir. 2013).

    We have considered Adebowale's remaining contentions and all are without merit.

                                                                            **AFFIRMED**.