NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2013[*]
Decided September 27, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-3892

| | |
|---|---|
| JOSEPH DELGADO, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 10 C 1567 |
| ROBERT POLK, et al., | |
| *Defendants-Appellees.* | Charles R. Norgle, *Judge.* |

**O R D E R**

Joseph Delgado claims in this suit under 42 U.S.C. § 1983 and state law that the Village of Burnham, Illinois, and seven village officials conspired to take his home by prosecuting him in state court for multiple violations of the Village building code.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Underlying all of Delgado's claims is his allegation that Thomas Gunther, the armed auxiliary police officer who issued the citations, was unqualified for his unpaid, volunteer post and lacked the training necessary to identify building code violations. Delgado received the citations in 2006. He sued in 2010.

The district court dismissed the complaint against two of the defendants, both Village attorneys, on the basis of prosecutorial immunity. The remaining defendants then moved for summary judgment. According to the defendants, Gunther photographed the exterior of the property in late 2006 and issued citations for trash in the yard, a collapsed fence, a rotting roof, and general disrepair. (Gunther had been arrested in May 2006 after deputy sheriffs searched his home and found a cache of counterfeit police badges; he remained on Burnham's police force for another year.) The village prosecuted the violations in state court and, as part of the proceedings, hired a building inspector who entered the building with Delgado's permission. The defendants submitted a copy of the state court's decision finding that the inspector's investigation had substantiated each citation and declaring Delgado's property to be a public nuisance and uninhabitable. After Delgado failed to respond to the defendants' motion for summary judgment, the district court adopted the defendants' statement of material facts, *see* N.D. ILL. R. 56.1(b)(3)(C); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010), and granted their motion.

On appeal Delgado simply repeats his allegation that Gunther was not qualified to work as an auxiliary police officer, and he draws our attention to five other federal lawsuits claiming that on different occasions, while armed and driving a police car, Gunther stopped and arrested motorists without probable cause. (All five suits eventually settled without a determination of liability.) The defendants respond that Delgado's brief fails to develop any argument that the district court committed error. *See* FED. R. APP. P. 28(a)(9)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

The most that can be teased from Delgado's brief is his contention that correspondence in the record from police training boards in Illinois and Indiana establish a dispute of material fact concerning the adequacy of Gunther's training. These records suggest that Gunther never received the 40 hours of safety training required before an auxiliary police officer can carry a firearm. *See* 65 ILCS 5/3.1-30-20(b); 50 ILCS 710/2(b). The defendants have never asserted otherwise, but Delgado does not explain how Gunther's competence to carry a gun is relevant to this lawsuit. To show negligence Delgado must establish that he suffered an injury caused by Gunther's lack of training. *See Doe v. Brouillette*, 906 N.E.2d 105, 115 (Ill. App. Ct. 2009) (explaining that

plaintiff must show that employee's particular unfitness for job harmed plaintiff); *Platson v. NSM, America, Inc.*, 748 N.E.2d 1278, 1284 (Ill. App. Ct. 2001) (same). And to show liability on a failure-to-train theory under § 1983 he had to prove deliberate indifference (a standard higher than negligence). *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *Hollins v. City of Milwaukee*, 574 F.3d 822, 827 (7th Cir. 2009). Delgado, though, never even alleged that he suffered injury caused by Gunther carrying a gun.

In any event, Gunther's qualifications (indeed the lawfulness of his actions) cannot make a difference in this litigation. Delgado sued 4 years after receiving the citations, so his claims are barred by the 2-year statute of limitations applicable to § 1983 claims arising in Illinois, *see Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Ray v. Maher*, 662 F.3d 770, 772–73 (7th Cir. 2011), and by the 1-year statute of limitations governing state-law claims against a municipality and its employees, *see* 745 ILCS 10/8-101(a); *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). Whatever the possible merit to Delgado's allegations, his delay in pursuing them precludes relief.

**AFFIRMED**.