NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2013[*]
Decided November 15, 2013

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3248

| | |
|---|---|
| DEON HAMPTON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 C 8478 |
| JOHN RITA and GEORGE SABIE, *Defendants-Appellees.* | Elaine E. Bucklo, *Judge.* |

**O R D E R**

Deon Hampton was sexually assaulted by George Sabie, a guard at the now-shuttered Illinois Youth Center in Joliet. That was in June 2008 when Hampton was 17 years old. In November 2011, several months before he turned 21, Hampton brought this lawsuit under 42 U.S.C. § 1983 against Sabie and John Rita, who was the

---

[*] After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

superintendent at the youth center when Hampton was assaulted. The district court dismissed Hampton's complaint on the understanding that it is barred by the applicable statute of limitations. *Hampton v. Sabie*, 891 F. Supp. 2d 1014 (N.D. Ill. 2012). Hampton appeals that ruling. We recite the facts he alleges in his amended complaint and, for purposes of this appeal, accept those allegations as true. See *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 434–35 (7th Cir. 2009).

Hampton is openly homosexual. While in state custody at the youth center, he was sexually harassed by several guards, including Sabie. On numerous occasions Sabie forced him to undress without justification. Hampton complained to Superintendent Rita, whose response was to place him in segregation and admonish him not to be "so gay." On June 9, 2008—when he was 17—Hampton was forced to perform oral sex on Sabie. The plaintiff and another youth reported the assault to staff, but administrators initially refused to contact the police. Instead they removed Hampton's clothing and left him naked until, after a week, a counselor finally summoned the police. Hampton was released from the youth center, and Sabie was arrested. In October 2011 a state-court jury found Sabie guilty of several crimes, including criminal sexual assault, a Class 1 felony. See 720 ILCS 11-1.20(a)(4), (b)(1). Sabie was sentenced in February 2012 to 6 years in prison. After the guilty verdicts, but before Sabie was sentenced, Hampton filed his complaint in federal court.

Superintendent Rita moved to dismiss Hampton's complaint as untimely. The district court, in granting that motion, reasoned that a 2-year statute of limitations governs § 1983 claims arising in Illinois. See 735 ILCS 5/13-202 (providing that damages action for personal injury must commence within 2 years of accrual); *Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (holding that, in states with multiple statutes of limitations for personal-injury actions, the "general or residual" statute governs § 1983 claims); *Wilson v. Garcia*, 471 U.S. 261, 275–76 (1985) (holding that state's limitations period for personal-injury claims governs all § 1983 claims); *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011) (explaining that § 1983 claims arising in Illinois are subject to 2-year limitations period of § 5/13-202). The district court acknowledged that Illinois permits victims of Class 1 felonies to sue for damages at any time if the perpetrator is convicted, 735 ILCS 5/13-202.1, and also provides a 20-year statute of limitations for personal-injury actions alleging sexual abuse committed against a minor, *id*. § 5/13-202.2. But the court rejected Hampton's contention that these provisions, not the 2-year statute of limitations, should govern his § 1983 suit. In Hampton's case, the court continued, the 2-year statute of limitations was tolled until the plaintiff turned 18 in February 2009, but still the suit against Rita was untimely because it was filed more than 2 years later.

See 735 ILCS 5/13-211 (providing that personal-injury claims accruing before age 18 may be brought within 2 years after plaintiff turns 18); *Ray v. Maher*, 662 F.3d 770, 772–73 (7th Cir. 2011) (explaining that state's tolling rules also apply to § 1983 claims). Later, at the *plaintiff's* urging, the district court extended this statute-of-limitations defense to Sabie and dismissed him, too, from the suit (Sabie had not answered the complaint after it was served, yet Hampton never sought entry of a default).

The district court's ruling relies to a significant degree on *Woods v. Ill. Dep't of Children & Family Servs.*, 880 F. Supp. 2d 918 (N.D. Ill. 2012), which holds that the statute of limitations is 2 years, not 20 as provided in § 5/13-202.2, even if a § 1983 claim alleges that a minor was sexually assaulted by a state actor. We affirmed that decision after Hampton filed this appeal, *Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762 (7th Cir. 2013), and now, with the assistance of counsel, Hampton concedes that *Woods* dooms his suit. Hampton does not try to distinguish *Woods* on the ground that our opinion is limited to § 5/13-202.2, even though he also relies on § 5/13-202.1. And neither does Hampton contend that the district court overlooked a tolling provision that would save his complaint. Rather, Hampton urges us to overturn *Woods*.

Counsel offers no compelling basis to disturb that decision. He argues that *Woods* is inconsistent with *Owens* and *Wilson*, but we discussed those Supreme Court opinions before rejecting the plaintiff's argument. *Woods*, 710 F.3d at 765–69. We perceive no reason to repeat ourselves, and we will not reassess our precedent simply because Hampton disagrees with how *Woods* was decided. See *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 864 (1992); *United States v. Mitchell,* 635 F.3d 990, 993 (7th Cir. 2011); *Tate v. Showboat Marina Casino P'ship*, 431 F.3d 580, 582 (7th Cir. 2005). And since Hampton makes no other argument, the judgment dismissing his § 1983 suit as barred by the statute of limitations must be upheld.

We express no opinion about whether Hampton may still pursue any related state-law claims in state court.

**AFFIRMED**.