NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 6, 2017[*]
Decided December 13, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1114

| | |
|---|---|
| LEWIS L. BOND, *Plaintiff-Appellant,* v. ANDREW PERLEY, et al. *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 16 C 08996 Thomas M. Durkin, *Judge*. |

**O R D E R**

Lewis Bond sued a police detective and other government officials under 42 U.S.C. § 1983 alleging that they wrongfully arrested, prosecuted, and convicted him more than four years ago. The district judge dismissed Bond's case, ruling that jurisdictional and other insuperable defenses blocked his claims. Because the *Rooker-Feldman* doctrine, *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v.*

---

[*] We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

*Fidelity Tr. Co.*, 263 U.S. 413 (1923), and the applicable two-year statute of limitations bar this lawsuit, we affirm.

Bond alleges that Detective Andrew Perley signed a misdemeanor complaint against him for battering a family member. The victim did not sign the complaint. The complaint led to Bond's arrest in August 2012. He was then prosecuted in state court for domestic battery, found guilty in 2013, and sentenced to less than a year in jail. His conviction was affirmed on appeal.

In 2016, more than four years after his arrest, Bond filed this suit alleging that Detective Perley and others violated the Fourth and Fourteenth Amendments by arresting him on a complaint that the victim did not sign. Relatedly he asserts that Perley's supervisors failed to properly train him on arrest procedures. Finally, Bond argues that his prosecution and conviction were unlawful because the complaint was "void" without the victim's signature.

Bond's attack on the validity of the state-court prosecution and judgment is barred. Under *Rooker-Feldman* only the Supreme Court can review state-court judgments. Bond's attack on his conviction falls within the ambit of the *Rooker-Feldman* doctrine because his injury—the conviction—"flow[s] directly" from the state-court judgment, which he asks us to invalidate. *Lennon v. City of Carmel*, 865 F.3d 503, 507 (7th Cir. 2017). Bond argues that *Rooker-Feldman* does not apply because he alleges "fraud" in the state litigation, but we have rejected the notion of a "fraud exception" to *Rooker-Feldman*. *Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015). And any claim against the prosecutor is blocked by absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409 (1976).

Bond's claims about his arrest also fail. The judge dismissed these claims under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars an inmate's claims that, if successful, would necessarily imply that his conviction was invalid. It's unclear whether *Heck* applies here. Among other reasons, it may not apply to claims by persons like Bond who have been released from custody and for whom habeas corpus is no longer available. *See Muhammad v. Close*, 540 U.S. 749, 752 n.2 (2004); *Heck*, 512 U.S. at 500–02 (Souter, J., concurring). But we do not need to resolve that question because the arrest claims are untimely. Under § 1983 Bond had two years to file them. *Ray v. Maher*, 662 F.3d 770, 772–73 (7th Cir. 2011). The claims accrued when Perley arrested him in 2012. *Wallace v. Kato*, 549 U.S. 384 (2007). Bond's suit in 2016 was two years too late.

AFFIRMED.